# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RYAN M. WILLIAMS, individually and
on behalf of all others similarly situated,

        *Plaintiff*,

vs.

GATHERAPP, INC.,

        *Defendant*.

Case No.:   4:17-CV-00572-DW

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
## DEFENDANT GATHERAPP, INC.'S MOTION TO DISMISS OR TRANSFER

Respectfully submitted,

 /s/ Bill Kenney
William C. Kenney    Mo. Bar No. 63001
**BILL KENNEY LAW FIRM, LLC**
1101 Walnut Street, Suite 102
Kansas City, MO 64106
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: *bkenney@billkenneylaw.com*

Ari N. Rodopoulos    Mo. Bar No. 58777
**WOOD LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
Telephone: (816) 256-3582
Facsimile: (816) 337-4243
Email: *ari@woodlaw.com*

*Attorneys for Plaintiffs*

Gene P. Graham, Jr.   Mo. Bar No. 34950
**WHITE, GRAHAM, BUCKLEY & CARR, LLC**
19049 East Valley View Parkway, Ste. C
Independence, MO 64055
Telephone: (816) 373-9080
Facsimile: (816) 373-9319
Email: *ggraham@wagblaw.com*

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................1

I.      Legal Standard on a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction...........................................................................................................1

II.     Plaintiff has made a *prima facie* showing of personal jurisdiction......................2

        A.      Missouri's long-arm statute is easily satisfied ............................................2

        B.      The exercise of personal jurisdiction over Defendant does not violate Due Process .................................................................................................6

III.    Jurisdictional discovery is warranted ...............................................................9

IV.     Defendant failed to satisfy its heavy burden of showing transfer to another forum is warranted ........................................................................................10

# TABLE OF AUTHORITIES

### *Cases*

*Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-cv-00435 (W.D. Pa. June 30, 2014) ........... 7

*Ayers v. Receivables Performance Mgmt., LLC*, No. 15-cv-12082 (E.D. Mich. Sep. 28, 2016) ................................................................................................................................. 7

*Branham v. ISI Alarms, Inc.*, No. 12-cv-1012 (E.D. N.Y. Aug. 30, 2013)..................................... 7

*Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227 (Mo. banc 2010) ............................. 2, 3, 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................. 8

*C-Mart, Inc. v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 76587 (E.D. Mo. May 31, 2013) ............................................................................................................................................. 4

*Coen v. Coen*, 509 F.3d 900 (8th Cir. 2007) ................................................................................. 2

*Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975 (8th Cir. 2015) ............................ 1, 2

*Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384 (8th Cir. 1991) ..................................... 2

*Datalink Corp. v. Perkins Eastman Architects, P.C.*, 33 F. Supp. 3d 1068 (D. Minn. 2014) ........................................................................................................................................... 11

*Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) ............................................. 1, 6

*Electrical and Magneto Service Co., Inc. v. AMBAC Int'l Corp.*, 941 F.2d 660 (8th Cir. 1991) ............................................................................................................................................. 9

*Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642 (8th Cir. 2003) .................................................. 1

*Fabio v. Diversified Consultants, Inc.*, No. 13-cv-524 (W.D. Wis. Feb. 25, 2014) ...................... 7

*Foreign Candy Co. v. Tropical Paradise, Inc.*, 950 F. Supp. 2d 1017 (N.D. Iowa 2013)............ 10

*High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493 (Mo. banc 1992).......................... 9

*Inst. Food Marketing Assoc. Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448 (8th Cir. 1984) ...................................................................................................................................... 3

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................................. 6, 8

*J. McIntyre Mach. Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011) ......................................................... 6

*Johnson v. United States*, 534 F.3d 958 (8th Cir. 2008) ............................................................. 10

*Keim v. ADF Midatlantic*, 199 F. Supp. 3d 1362 (S.D. Fl. 2016) ................................................ 7

*Land-O-Nod Co. v. Bassett Furniture Indus. Inc.*, 708 F.2d 1338 (8th Cir. 1983)......................... 6

*Levine Hat Co. v. Innate Intelligence, LLC*, No. 16-cv-1132 (E.D. Mo. July 17, 2017).............. 7

*Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636 (N.D. Ill. 2017) ............................................. 7

*Luna v. Shac, LLC*, No. 14-cv-607, 2014 WL 3421514, at *4 (N.D. Cal, July 14, 2014)............. 7

*Myers v. Casino Queen, Inc.*, 689 F. 3d 904 (8th Cir. 2012) ............................................. 3

*Payton v. Kale Realty, LLC*, No. 13-cv-8002 (N.D. Ill. Aug. 26, 2014) ........................................ 7

*Peabody Holding Co., Inc. v. Costain Group PLC*, 808 F. Supp. 1425 (E.D. Mo. 1992)............. 8

*Rohn v. Comm. Recovery Sys., Inc.*, No. 13-cv-10780 (E.D. Mich. Oct. 29, 2013) ..................... 8

*Romak USA v. Rich*, 384 F.3d 979 (8th Cir. 2004) ........................................................ 6

*School List. of Kansas City v. State of Mo.*, 460 F. Supp. 421 (W.D. Mo. 1978).......................... 4

*Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir. 1982) .................. 2

*Shaffer v. Heitner*, 433 U.S. 186 (1977) ..................................................................... 6

*Smith v. Bayer Corp.*, 564 U.S. 299 (2011) ................................................................ 14

*Stanton v. St. Jude Medical*, 340 F.3d 690 (8th Cir. 2001) ............................................... 6

*State ex rel. Deer & Co. v. Pinnell*, 454 S.W.2d 889 (Mo. banc 1970)......................................... 3

*Steinbuch v. Cutler*, 518 F.3d 580 (8th Cir. 2008) .......................................................... 10

*Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688 (8th 1997) ................................................ 11

*Velez v. Portfolio Recovery Assoc., Inc.*, 881 F. Supp. 2d 1075 (E.D. Mo. 2012) ........................ 5

*Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG.*, 646 F.3d 589 (8th Cir. 2011) .................................................................................................... 2, 9

*Weimer v. GM LLC*, 2017 U.S. Dist. LEXIS 127776 (E.D. Mo. August 11, 2017).................... 10

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........................................... 6, 9

## INTRODUCTION

Plaintiff Ryan M. Williams's allegations are largely uncontested by Defendant GatherApp, Inc. ("Gather"). Instead, Defendant asks this Court to take the unprecedented step of holding that telemarketers who violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), are not subject to personal jurisdiction in the states to which the phone calls were directed.  The overwhelming number of courts addressing the issue have decided against Defendant.

## ARGUMENT

## I.   LEGAL STANDARD ON A RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 979 (8th Cir. 2015).  If the plaintiff's complaint makes a *prima facie* showing of personal jurisdiction, in order to contest jurisdiction, the defendant must controvert the plaintiff's *prima facie* showing of personal jurisdiction by attaching affidavits and exhibits to the suggestions in opposition. *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004).  "Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Id*.

"While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing."[2] *Epps v. Stewart Info. Servs. Corp*., 327 F.3d 642, 647 (8th Cir. 2003).  "At the motion stage, the action should not be dismissed for lack of jurisdiction if the evidence, viewed in the light most

---

[2]   If "the parties submit affidavits to bolster their positions on the motion, and the district court relies on the evidence, the motion is in substance one for summary judgment." *Creative Calling Sols., Inc*., 799 F.3d at 979.

favorable to [plaintiff], is sufficient to support a conclusion that the exercise of personal jurisdiction over [defendant] is proper." *Creative Calling Sols., Inc.*, 799 F.3d at 979.  At this stage, plaintiff's burden is simply to make a *prima facie* showing of personal jurisdiction, which is a minimal evidentiary burden. *Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

## II. PLAINTIFF HAS MADE A *PRIMA FACIE* SHOWING OF PERSONAL JURISDICTION

In determining whether personal jurisdiction exists over Defendant, a nonresident, the Court must determine whether: (1) the requirements of the Missouri long-arm statute are satisfied; and (2) the exercise of jurisdiction is permitted by the Due Process Clause of the Fourteenth Amendment. *See Dakota Indus., Inc.*, 28 F.3d at 915 ("A federal court may assume jurisdiction over [] foreign defendant[s] only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution."); *see also Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007).  The Eighth Circuit suggests the due process and long-arm statute inquiries should be analyzed separately. *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG.*, 646 F.3d 589, 593 n.2 (8th Cir. 2011) (citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo. banc 2010)).

### A.   Missouri's long-arm statute is easily satisfied

The interpretation of Missouri's long-arm statute is a question of Missouri law and this Court must accept the interpretation given to the statute by the Missouri Supreme Court. *See Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 311 (8th Cir. 1982). "[T]he Missouri long-arm statute was intended to extend to the broadest confines constitutionally permissible under the Due Process Clause." *Inst. Food Marketing Assoc. Ltd. v. Golden State*

*Strawberries, Inc.*, 747 F.2d 448, 453 (8th Cir. 1984) (*quoting State ex rel. Deer & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970)).

In pertinent part, Missouri's long-arm statute provides for jurisdiction over corporations in the following circumstances:

> (1) The transaction of any business within this state;
>
> (3) The commission of a tortious act within this state;

RSMo § 506.500.1(1)-(3).

The "commission of a tortious act" prong of Missouri's long-arm statute has been broadly construed. *See Bryant*, 310 S.W.3d at 232. Missouri courts have interpreted it to include "[e]xtraterritorial acts that produce consequences in the state, such as fraud...." *Id.* (internal quotation marks omitted). The Eighth Circuit applies a foreseeability standard when evaluating whether jurisdiction is appropriate over a tortious act occurring in another state with actionable consequences felt in Missouri. *Myers v. Casino Queen, Inc.*, 689 F. 3d 904, 911 (8th Cir. 2012).

Defendant ignores the above controlling opinions from Missouri courts and the Eighth Circuit. Defendant does not deny that the sending of a text message in violation of the TCPA is a tort within the meaning of Missouri's long-arm statute. Instead, Defendant merely denies any tortious act occurred in Missouri. (Doc. 10, ECF pages 13-14). Specifically, Defendant argues because it sent Plaintiff text messages from California, the tortious act occurred in California. (*Id.*). From there, Defendant concludes no tortious act was committed in Missouri and, therefore, long-arm jurisdiction does not exist. (*See id.*).

Defendant's argument is contrary to well-established Missouri law. Under Missouri law, the defendant's conduct need not occur in Missouri in order for long-arm jurisdiction to apply. For example, under Missouri law,

3

> "[O]ne who intentionally shoots a bullet into a state is as subject to the judicial jurisdiction of the state as to causes of action arising from the effects of the shot as if he had actually fired the bullet in the state."

*School List. of Kansas City v. State of Mo.*, 460 F. Supp. 421, 433-34 (W.D. Mo. 1978) (interpreting RSMo § 506.500.1(3)) (citation omitted).

Defendant cites a single case, *C-Mart*, as direct support for its argument. That case is inapposite, however, because the opinion does not discuss whether a tortious act was committed in Missouri for purposes of Missouri's long-arm statute. *See C-Mart, Inc. v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 76587, *16 (E.D. Mo. May 31, 2013) (granting motion to transfer; denying as moot motion to dismiss for lack of personal jurisdiction). Rather, in *C-Mart*, the court only analyzed whether the action should be transferred from the Eastern District of Missouri to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). *See id. generally.* Applying the relevant factors under 28 U.S.C. § 1404(a), the court merely found that "the alleged violation of the TCPA occurred in Florida, the state from which [defendant] sent the unsolicited fax . . . [and] [t]his additional fact weighs in favor of granting Defendants' motion to transfer." *Id.* at *11. Contrary to Defendant's characterization of the opinion, in *C-Mart*, the court never even interpreted or addressed Missouri's long-arm statute.

There is no question that Defendant could reasonably foresee its actions having actionable consequences in Missouri. The allegations establish Defendant has sent tens of thousands of the same or substantially similar non-emergency advertising and/or telemarketing text messages – containing a hyperlink to Defendant's website and/or a GIF Image or similar media – to consumers and businesses in the United States, including to Plaintiff and others in Jackson County, Missouri. (Doc. 1-1, ¶¶ 7, 10-11, 37-39, 41, 53-55, 71, 79-80, 90-91). Defendant knew it was employing equipment that would send unsolicited promotional text

messages (i) to consumers and businesses in the United States; (ii) to telephone numbers of consumers on the National do-not-call registry ("DNC List"); and/or (iii) to telephone numbers on the Missouri do-not-call registry ("Mo. DNC List").  (*Id*. at ¶¶ 49, 75-76, 86-87, 97-98). Defendant's willful and intentional conduct violated the privacy and statutory rights of Plaintiff and the Class members, and caused them annoyance, inconvenience, and financial harm.  (*Id*. at ¶¶ 12, 50, 73, 82, 93).  And in order for Defendant to "market its Gather mobile application to consumers and, in turn, grow its user base, … GatherApp secretly downloaded telephone numbers of its existing users' contacts, and then spammed such contacts with promotional messages, urging them to download its mobile application." (*Id*. at ¶¶ 36, 37).

Having successfully created a mobile application designed to send promotional text messages to persons throughout the United States, including Missouri, without regard for national and state laws, it was reasonably foreseeable that Defendant's conduct would have actionable consequences in Missouri.  Because Plaintiff has alleged the "commission of a tortious act" within this State (as that phase has been interpreted in Missouri courts and the Eighth Circuit), Missouri's long-arm statute is satisfied.  *See* RSMo § 506.500.1(3).

Further, Plaintiff has introduced evidence that Defendant sends its promotional text messages to Missouri phone numbers and Defendant even uses Missouri phone numbers to send promotional text messages.  (Decl. of William Kenney, ¶ 20).  Plaintiff does not have the present ability to determine how many text messages Defendant sends to Missouri phone numbers, or how many Missouri phone numbers Defendant uses to send text messages.  Limited discovery is required on these issue as Defendant's conduct may rise to the level of transacting business pursuant to Mo. Rev. Stat. § 506.500.1(1).  *See Velez v. Portfolio Recovery Assoc., Inc.*, 881 F. Supp. 2d 1075, 1082-1083 (E.D. Mo. 2012) (for purposes of the Missouri's long-arm statute,

phone calls and letters directed to Missouri constitute the transaction of business, and an FDCPA violation is a tortious act).

**B.      The exercise of personal jurisdiction over Defendant does not violate Due Process**

Due process requires that a non-resident have minimum contacts with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *J. McIntyre Mach. Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there.  *World-Wide Volkswagen*, 444 U.S. at 297; *Stanton v. St. Jude Medical*, 340 F.3d 690, 694 (8th Cir. 2001).

The Eighth Circuit has used a five factor test to analyze a non-resident defendant's contacts with the forum state.  *Romak USA v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004); *but see Bryant*, 310 S.W.3d at 233 n.4 (noting that the five factor test is "simply a tool" as opposed to a required test). The first three factors are of "primary importance" and the last two factors are of "secondary importance"— *i.e.*, not determinative of personal jurisdiction. *Id.*; *Dever*, 380 F.3d at 1074; *Stanton*, 340 F.3d at 694.  In applying these factors, the court "must not lose sight of the 'central concern of the inquiry' which is the 'relationship among the defendant, the forum, and the litigation.'" *Land-O-Nod Co. v. Bassett Furniture Indus. Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983) (*quoting Shaffer v. Heitner*, 433 U.S. 186, (1977)).

**1.      *The nature and quality of contacts.***

Defendant claims that jurisdiction is not proper because it did not "*purposefully* direct any marketing or other business activities *specifically* toward Missouri[,]" (Doc. 10-4, ¶ 2) (emphasis added), and that it has "no contacts whatsoever with Missouri." (Doc. 10, p. 15).

However, as part of its nationwide telemarketing scheme, Defendant placed a mobile application into the stream of commerce that *was* specifically designed to download the contacts of its users and send promotional text messages to such contacts, *including* contacts with area codes specific to Missouri. *See Payton v. Kale Realty, LLC*, No. 13-cv-8002, 2014 WL 4214917 at *3 (N.D. Ill. Aug. 26, 2014).

Defendant sent promotional text messages to Plaintiff, a Missouri resident with an 816 area code, whose number is registered on the National do-not-call list and the Missouri do-not-call list. *See* Decl. of Ryan Williams, ¶¶ 5-7, 9. Not only did Defendant purposefully design its mobile application to direct calls to consumers and businesses nationwide, including phone numbers with Missouri area codes, Defendant's calls also originate from within Missouri. *See Decl. of William Kenney*, ¶ 20.[3]

Plaintiff submits that Defendant's contacts with the state of Missouri are more than sufficient to satisfy Due Process, and numerous courts, including Missouri courts, have reached the same conclusion. *See Levine Hat Co. v. Innate Intelligence, LLC*, No. 16-cv-1132 (E.D. Mo. July 17, 2017) ("[I]t is undisputed that Innate is subject to specific personal jurisdiction arising from its actions in relationship to the July 2016 fax[.]").[4]

---

[3] *See also Fabio v. Diversified Consultants, Inc.*, No. 13-cv-524 (W.D. Wis. Feb. 25, 2014) ("defendant selected Wisconsin as the staging ground for its collection calls … thereby purposefully availing itself of the privilege of conducting business in this state. … this constitutes an adequate showing of Diversified's minimum contacts with Wisconsin.").

[4] *Branham v. ISI Alarms, Inc.*, No. 12-cv-1012, 2013 WL 4710588, *8 (E.D. N.Y. Aug. 30, 2013); *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 643 (N.D. Ill. 2017); *Keim v. ADF Midatlantic*, 199 F. Supp. 3d 1362, 1370 (S.D. Fl. 2016) (collecting cases); *citing Payton v. Kale Realty, LLC*, No. 13-cv-8002, 2014 WL 4214917 at *3 (N.D. Ill. Aug. 26, 2014); *Luna v. Shac, LLC*, No. 14-cv-607, 2014 WL 3421514, at *4 (N.D. Cal, July 14, 2014); *Ayers v. Receivables Performance Mgmt., LLC*, No. 15-cv-12082, 2016 WL 5402962, at *3 (E.D. Mich. Sep. 28, 2016); *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-cv-00435, 2014 WL 2938626, at *9 (W.D. Pa. June 30, 2014); *Rohn v. Comm. Recovery Sys., Inc.*, No. 13-cv-10780, 2013 WL

### 2.      The quantity of contacts.

Absent jurisdictional discovery, Plaintiff does not have specific information pertaining to the quantity of Defendant's contacts with Missouri, however, in the limited testing conducted by Plaintiff's counsel, Defendant sent numerous promotional text messages to cellular telephone numbers with 816 area codes. *See* Decl. of William Kenney, ¶¶ 7-12.  Further, Defendant does not dispute Plaintiff's allegation that Defendant and/or its agents "sent promotional text message calls *en masse* to thousands of cellular or wireless telephone numbers, including those of Plaintiff and the putative class members." Pet., ¶ 41. Accepting Plaintiff's allegations as true, Defendant has sent thousands of promotional text messages to Missouri residents whose numbers are registered on the do-not-call list. Additionally, Plaintiff has produced hundreds of complaints from the AppStore and Twitter with users complaining about Defendant spamming their contacts.

### 3.      The relation of the cause of action to the contacts.

Defendant's alleged tortious conduct gave rise to Plaintiff's cause of action. Defendant's text messages were not the result of " 'random,' 'fortuitous,' or 'attenuated' contacts … [but] proximately result[ed] from actions by the defendant [itself] that creates a 'substantial connection' with the forum state." *Peabody Holding Co., Inc. v. Costain Group PLC,* 808 F. Supp. 1425, 1436 (E.D. Mo. 1992) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)). Given that Defendant's mobile application worked as it intended, *i.e.*, by sending promotional text messages to its users' contacts, "defendant's conduct and connection with the forum state [is] such that defendant

6195578, at *5 (E.D. Mich. Oct. 29, 2013), *R&R adopted*, 2013 WL 6195578 (E.D. Mich. Nov. 26, 2013)).

8

'should [have] reasonably anticipated being haled into court [here].' " *Id.* (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 297).

### 4.     The interest of the forum state in providing a forum for its residents.

Public policy favors retaining jurisdiction in Missouri courts. In addition to Plaintiff's claims under the TCPA, Plaintiff has alleged a violation of the Missouri Merchandising Practices Act, RSMo §§ 407.1095, *et seq.* In *High Life*, the Missouri Supreme Court refused to transfer a case alleging violations of Missouri's liquor franchise laws, RSMo § 407.413, because it determined the case "involves a matter of important public policy to the state of Missouri." *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 497 (Mo. banc 1992) (*citing Electrical and Magneto Service Co., Inc. v. AMBAC Int'l Corp.*, 941 F.2d 660 (8th Cir. 1991)).

### 5.     The convenience of the parties.

The convenience of the parties and witnesses is discussed in Section IV(A)(1), *infra*.

## III.   JURISDICTIONAL DISCOVERY IS WARRANTED

Here, Defendant relies on a Decl. that is based on electronic data, applications, servers, and customized computer code that only Defendant has complete access to.   Because Defendant's jurisdictional challenge is intertwined with the merits issue of whether Defendant initiated the text messages at issue, and because Plaintiff has not had an opportunity to review the same evidence relied upon by Defendant or to submit expert reports, this Court should permit limited jurisdictional discovery so that a complete factual record may be developed and so expert testimony can assist the Court in understanding the hardware and software components at issue.

Jurisdictional discovery is warranted where, as here, the facts necessary to resolve the jurisdictional inquiry are either unknown or can be genuinely disputed. *Viasystems, Inc.*, 646 F.3d at 598. The Eighth Circuit has identified several relevant factors when deciding whether to

allow jurisdictional discovery:

> Courts look to decisions under Rule 56 for guidance in determining whether to allow discovery on jurisdictional facts. To request discovery under Rule 56(f) [now Rule 56(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact;(3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Johnson v. United States*, 534 F.3d 958, (8th Cir. 2008).  Plaintiff's affidavit pursuant to Rule 56(d) requesting limited jurisdictional discovery is attached hereto.  (*See* Decl. of William Kenney, ¶ 22(a)-(d)). Where, as here, the plaintiff offers documentary evidence in support of allegations of personal jurisdiction, the court abuses its discretion by dismissing the action without permitting the plaintiff to take some jurisdictional discovery. *Foreign Candy Co. v. Tropical Paradise, Inc.*, 950 F. Supp. 2d 1017, 1036 (N.D. Iowa 2013) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008)).

## IV.     DEFENDANT FAILED TO SATISFY ITS HEAVY BURDEN OF SHOWING TRANSFER TO ANOTHER FORUM IS WARRANTED

This Court's authority to transfer a civil action to another district is established by 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Only if an action could have been filed in the proposed transferee court does the court consider the convenience of parties and witnesses or the interests of justice.  *See Weimer v. GM LLC*, 2017 U.S. Dist. LEXIS 127776, *12 (E.D. Mo. August 11, 2017) ("In other words, if a party seeking transfer makes the threshold showing that the action could have been filed in the proposed transferee forum, a court then considers the broad categories of interests set

forth in § 1404(a) . . . .").

As the party seeking transfer to the Northern District of California, Defendant bears a heavy burden.  *See Datalink Corp. v. Perkins Eastman Architects, P.C.*, 33 F. Supp. 3d 1068, 1079 (D. Minn. 2014) (movant bears a "heavy burden" when seeking to transfer to another forum).

### A.    Defendant failed to show the factors set forth in *Terra Int'l* strongly favor transfer

Plaintiff agrees with Defendant that the Eighth Circuit's decision in *Terra Int'l* sets forth the appropriate criteria that courts should consider when deciding a motion to transfer.  *See Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th 1997) (listing twelve factors).  While this action could have been filed in the Northern District of California, Defendant has failed to meet its heavy burden of showing that such factors strongly weigh in favor of transfer.  *See Datalink Corp.*, 33 F. Supp. 3d at 1078 (neutral factors or factors that only slightly weigh in favor of the movant are not a sufficient basis to grant transfer).

#### 1.    *Convenience of the parties*

Defendant resides in the Northern District of California.  (Doc. 10, ECF page 17).  Plaintiff resided in Missouri at the time Defendant sent text advertisements to him, Plaintiff resided in Missouri when the lawsuit was filed, and Plaintiff only recently moved just across the state line to Kansas.  (Decl. of Ryan Williams, ¶¶ 7-8). Plaintiff has not lived in California since April 2016, and he does not regularly update his Facebook profile.  (*Id*. at ¶ 13).  Although it is more convenient for Defendant to litigate in California, it also is more convenient for Plaintiff to litigate in Missouri.  As such, this factor is neutral and does not support transfer.  *See Datalink Corp.*, 33 F. Supp. 3d at 1078 ("Transfer of venue does not exist simply to shift the inconvenience from the defendant to the plaintiff.").

## 2.    *Convenience of the witnesses*

Defendant identified four employees who it will call to testify at trial.  (Doc. 10, ECF page 18). Defendant is located in California and Defendant claims all of its employees are "based out of its office in San Francisco". (Doc. 10-4, ECF page 1).  Defendant also argues that an unknown number of Twilio employees might need to testify whether its text message equipment is an autodialer.  (Doc. 10, ECF page 19).  Whether Twilio uses an autodialer is a mixed question of law and fact, and the factual record for this issue can be established by the parties by inspecting Twilio's equipment and/or by obtaining business records.  Testimony from Twilio employees about whether the equipment meets the TCPA's definition of an autodialer would be improper legal opinion, and any testimony about the capacity of the equipment itself would be cumulative evidence at best.

Plaintiff, who resides locally, intends to testify at trial.  In addition to Defendant's witnesses, Plaintiff also intends to call (1) Ms. Mulcahy, who resides in New York; (2) Andy Doohan, who resides in Missouri; (3) Lewis Heacker, who resides in Kansas; (4) Pat Doohan, who resides in Missouri; (5) Jill Kidder, who resides in Illinois; (6) Jordan Crook, who resides in New York; (7) multiple additional Gather app users and text message recipients located all over the United States, (*see* Decl. of William Kenney, ¶ 21); (8) expert witnesses (Plaintiff has not retained trial experts yet, but the lead expert being considered is located in Missouri); (9) AT&T, which is located in Texas; and (10) Possible Now, which is located in Georgia.

Just as it would be inconvenient for Defendant's witnesses to testify at trial in Missouri, it would be just as inconvenient for Plaintiff and Plaintiff's witnesses to testify at trial in California. Because there are material witnesses located all over the United States, this Court is more convenient to witnesses because this Court is centrally located.  As such, this factor weighs

slightly in Plaintiff's favor, or is neutral, and does not support transfer.

### 3. *Accessibility to records and documents*

Although the records most important to Defendant are located in California, the records Plaintiff intends to obtain and to use at trial are located in other States as well, such as Missouri, Illinois, Texas, New York, Goergia, *etc*. Because all or nearly all of the relevant records and documents are electronic data located in various States, such records are equally accessible by the parties at the same cost regardless of whether the lawsuit is located in this Court or in the Northern District of California. As such, this factor is neutral, or at best weighs slightly in favor of Defendant, and does not support transfer.

### 4. *Location where the conduct complained of occurred*

A complete factual record on this issue has not been developed yet in discovery. Regardless, because substantial portions of the conduct complained of potentially occurred in Missouri, California, and/or New York, this factor is neutral and does not support transfer.

### 5. *Applicability of each forum's state's substantive law*

Plaintiff has asserted claims under federal law and under Missouri law. There are no claims under California law. As such, this factor weighs in Plaintiff's favor.

### 6. *Judicial economy*

Because there are other similar actions pending against Defendant in the Northern District of California, this factor favors Defendant.

### 7. *Plaintiff's choice of forum*

Plaintiff chose to file suit in this district – *i.e*., where the text messages were received, where Plaintiff resided at the time suit was filed, and where Plaintiff's chosen counsel are located. This factor weighs in Plaintiff's favor.

8.      *Comparative costs of litigating in each forum*

Defendant claims it will incur duplicative litigation costs if forced to litigate in two districts.  (Doc. 10, ECF pages 19-20).  Defendant does not provide or estimate any amount of additional costs it will incur if this action remains here. Further, Defendant does not claim the amount of increased costs is so substantial that it will have the practical effect of forcing Defendant to settle, to abandon defenses, or otherwise to concede.  Although Plaintiff has filed a putative class action, his claim remains an individual claim unless and until the action is certified as a class action.  *See* Fed. R. Civ. P. 23; *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2380 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties.").

The most Plaintiff may recover on his individual TCPA claim is $3,000.  *See* 47 U.S.C. §§ 227(b)(3) and (c)(5) (providing statutory damages of $500 per violation, which may be trebled where defendant's conduct was done willfully or knowingly).  The TCPA does not provide for the recovery of attorney's fees, costs, or litigation expenses.  As such, if Plaintiff is forced to litigate a $3,000 maximum claim in the Northern District of California, the increased travel expenses alone will likely exceed the maximum recovery available.  This factor weighs heavily in Plaintiff's favor because transferring the action would have the practical economic effect of nullifying Plaintiff's claim.

9.      *Each party's ability to enforce a judgment*

Both parties' ability to enforce a judgment, favorable or unfavorable, remains the same regardless of which federal district handles the lawsuit.  This factor is neutral and does not support transfer.

10.     *Obstacles to a fair trial*

There are no significant obstacles to a fair trial regardless of which federal district court

handles the lawsuit.  The fact that Defendant and Defendant's employees are based in the Northern District of California, it is possible the jury pool in that district would not be as fair as a jury pool in this district.  This factor is neutral, or weighs slightly in Plaintiff's favor, and does not support transfer.

### 11.    Conflict of law issues

There are no conflicts of law raised by either party at this time. This factor is neutral and does not support transfer.

### 12.    Advantages of having a local court determine questions of local law

Plaintiff has alleged a claim under Missouri law.  This Court construes Missouri law on a regular basis.  Although federal courts are able to apply the substantive law of any State, this Court's familiarity with Missouri law weighs slightly in favor of Plaintiff and against transfer.

### B.    Defendant did not address most of the applicable factors and cannot do so for the first time in reply

Defendant only addressed approximately one-third of the twelve factors set forth in *Terra Int'l* and wholly failed to meet its heavy burden.  As discussed above, most of the transfer factors are neutral or weigh in Plaintiff's favor.  The strongest factor weighing in Defendant's favor is that judicial economy would be promoted by litigating similar actions in one district.  Although judicial economy is a legitimate factor when deciding a motion to transfer, judicial economy cannot come at the expense of nullifying a plaintiff's claim.  Here, it would be unjust to force Plaintiff to incur travel expenses that likely would exceed the maximum value of his individual TCPA claim.  This Court should exercise its discretion and deny Defendant's motion to transfer.

Dated: August 24, 2017                           Respectfully submitted,

                                                  /s/ Bill Kenney
                                                 William C. Kenney    Mo. Bar No. 63001
                                                 **BILL KENNEY LAW FIRM, LLC**
                                                 1101 Walnut Street, Suite 102
                                                 Kansas City, MO 64106
                                                 Telephone: (816) 842-2455
                                                 Facsimile: (816) 474-8899
                                                 Email: *bkenney@billkenneylaw.com*

                                                 Ari N. Rodopoulos    Mo. Bar No. 58777
                                                 **WOOD LAW FIRM, LLC**
                                                 1100 Main Street, Suite 1800
                                                 Kansas City, MO 64105-5171
                                                 Telephone: (816) 256-3582
                                                 Facsimile: (816) 337-4243
                                                 Email: *ari@woodlaw.com*

                                                         *and*

                                                 Gene P. Graham, Jr.   Mo. Bar No. 34950
                                                 **WHITE, GRAHAM, BUCKLEY & CARR, LLC**
                                                 19049 East Valley View Parkway, Ste. C
                                                 Independence, MO 64055
                                                 Telephone: (816) 373-9080
                                                 Facsimile: (816) 373-9319
                                                 Email: *ggraham@wagblaw.com*

                                                 *Attorneys for Plaintiffs and all others*
                                                 *similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 24, 2017, in accordance with Rule 49(a), (b) and (d), of the Fed. R. Crim. P., and Rule 5(b) of the Fed. R. Civ. P., the foregoing document was electronically filed with Court's Electronic Case Filing system, and will be served electronically on all registered attorneys of record.

                                                  /s/ Bill Kenney
                                                 William C. Kenney